# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 2:12-md-02311 Honorable Marianne O. Battani |
| IN RE ACCESS MECHANISMS | : : : : | Case No. 2:16-cv-04103 |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTION | : : : | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 5ᵗʰ day of

January, 2018 ("Execution Date") by and between Valeo S.A. ("VALEO"), and End-Payor

Plaintiff Class Representatives ("End-Payor Plaintiffs"), both individually and on behalf of a

class of end-payor indirect purchasers of Access Mechanisms ("Settlement Class"), as more

particularly defined in Paragraph 14 below.

WHEREAS, End-Payor Plaintiffs are prosecuting the above *In re Automotive Parts*

*Antitrust Litigation,* Master File No. 2:12-md-02311 (E.D. Mich.) ("MDL Litigation") and *In*

*re Access Mechanisms*, Case No. 2:16-cv-04103 ("Action") on their own behalf and on behalf

of the Settlement Class;

WHEREAS, End-Payor Plaintiffs allege that they were injured as a result of VALEO's

participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids,

and allocate markets and customers for Access Mechanisms (as defined below) in violation of

Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust

enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Consolidated Class Action Complaint in the Action ("Complaint") to be filed;

WHEREAS, VALEO denies End-Payor Plaintiffs' allegations and may assert defenses to End-Payor Plaintiffs' claims in the Action;

WHEREAS, arm's length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for VALEO and this Agreement has been reached as a result of those negotiations;

WHEREAS, End-Payor Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against VALEO, according to the terms set forth below, is in the best interest of End-Payor Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Cooperation and Injunctive Relief (as those terms are defined below) that VALEO has agreed to provide pursuant to this Agreement; and

WHEREAS, VALEO, despite its belief that it is not liable for the claims asserted by End-Payor Plaintiffs and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against VALEO with respect to Access Mechanisms based on the allegations made in the Action, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and release set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with

2

prejudice as to the Releasees and, except as hereinafter provided, without costs as to End-Payor Plaintiffs, the Settlement Class, or VALEO, subject to the approval of the Court, on the following terms and conditions:

B.      Definitions.

1.      For purposes of this Agreement, "Access Mechanisms" are (1) inside and outside door handles, tailgate and trunk handles; (2) keys, lock sets (also known as key sets), and door locks (including free-wheel door locks); and (3) electrical steering column locks and mechanical steering column locks.

2.      "Cooperation" refers to those provisions set forth below in Section K.

3.      "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by VALEO under the terms of this Agreement.

4.      "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court has entered a final order certifying the Settlement Class described in Paragraph 14 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

5.      "Document" is defined to be synonymous in meaning and equal in scope to the use of this term in Rule 34(a), including without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6.      "End-Payor Plaintiff Class Representatives" mean those Settlement Class Members, as defined in Paragraph 16, below, who are named plaintiffs in the Complaint.

7.      "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York,

3

North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

8.     "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Class.

9.     "Released Claims" means the Claims described in Paragraphs 24-25.

10.     "Releasees" refers to VALEO and to all of its past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, their predecessors, successors and assigns, including successors to the Valeo Security Systems Access Mechanisms business, including, but not limited to, U-Shin Ltd.; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" does not include any defendant in the MDL Litigation other than (i) VALEO and its related entities and individuals as defined in this Paragraph, and (ii) U-Shin Ltd. with respect to claims related to Access Mechanisms.

11.     "Releasors" shall refer to End-Payor Plaintiff Class Representatives and Settlement Class Members, as defined in Paragraph 16, below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

12.     "Settlement Amount" shall be $760,000.

4

13.     "Settlement Fund" shall refer to the Settlement Amount deposited in the Escrow

Account (defined below), together with all income or accrued interest earned on that amount as set

forth in Paragraph 27.

14.     For purposes of this Agreement, the "Settlement Class" means:

> All persons and entities who, from January 1, 2002, through the
> Execution Date, purchased or leased a new Vehicle in the United
> States not for resale that included one or more Access
> Mechanism(s) as a component part, or indirectly purchased one or
> more Access Mechanism(s) as a replacement part, which were
> manufactured or sold by a Defendant, any current or former
> subsidiary of a Defendant, or any co-conspirator of a Defendant.
> Excluded from the Settlement Class are Defendants, their parent
> companies, subsidiaries and affiliates, any co-conspirators, federal
> governmental entities and instrumentalities of the federal
> government, states and their subdivisions, agencies and
> instrumentalities, and persons who purchased Access Mechanisms
> directly or for resale.

15.     "Settlement Class Counsel" shall refer to the law firms of:

> Cotchett, Pitre, & McCarthy LLP
> 840 Malcolm Road
> Burlingame, CA 94010
>
> Robins Kaplan LLP
> 399 Park Avenue, Suite 3600
> New York, NY 10022
>
> Susman Godfrey L.L.P.
> 1901 Avenue of the Stars, Suite 950
> Los Angeles, CA 90067

16.     "Settlement Class Member" means each member of the Settlement Class who has

not timely elected to be excluded from the Settlement Class.

17.     "Vehicles" shall refer to four-wheeled passenger automobiles, vans, sports utility

vehicles, and crossover or pick-up trucks.

C.      Approval of this Agreement and Dismissal of Claims Against VALEO.

5

18.     End-Payor Plaintiffs and VALEO shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Rule 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

19.     After reasonable notice to, and review and comment by, VALEO, and within thirty (30) days after the execution of this Agreement, End-Payor Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement ("Motion"). The Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 21 below. The text of the proposed form of an order preliminarily approving this Agreement shall be subject to good faith efforts to agree by End-Payor Plaintiffs and VALEO before submission of the Motion.

20.     End-Payor Plaintiffs shall, after reasonable notice to VALEO and at a time to be decided in End-Payor Plaintiffs' sole discretion, submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by End-Payor Plaintiffs ("Notice Motion"). The End-Payor Plaintiffs will submit a draft of the Notice Motion to VALEO sufficiently in advance of the date the End-Payor Plaintiffs intend to submit the Notice Motion to the Court for VALEO to review and comment upon the Notice Motion. To mitigate the costs of notice, the End-Payor Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

21.     End-Payor Plaintiffs shall seek, and VALEO will not object unreasonably to, the entry of an order and final judgment, the text of which End-Payor Plaintiffs and VALEO shall agree upon. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class described in Paragraph 14, pursuant to Rule 23, solely for purposes of this settlement as a settlement class for the Action;

(b)     as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)     directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims;

(d)     as to VALEO, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)     reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, and consummation of this settlement, as well as over VALEO for its provision of Cooperation and injunctive relief pursuant to this Agreement, to the United States District Court for the Eastern District of Michigan;

(f)     determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to VALEO shall be final; and

(g)     providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including VALEO, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22.     This Agreement shall become final when (i) the Court has entered in the Action a final order certifying the Settlement Class described in Paragraph 14 and approving this Agreement under Rule 23(e) and has entered a final judgment in the Action dismissing the Action with prejudice as to VALEO and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to VALEO described in (i) hereof has expired in the Action or, if appealed, approval of this Agreement and the final judgment in the Action as to VALEO has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading purporting to challenge this Agreement is pending in any court. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that End-Payor Plaintiffs and VALEO have executed this Agreement, End-Payor Plaintiffs and VALEO shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 34 or 59.

23.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them (including Cooperation Materials produced pursuant to Section K), shall be deemed or construed to be an admission by VALEO or any other Releasee, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by VALEO or any other Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against VALEO or any other Releasee. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Section K, subject to the limitations in those paragraphs, against any other defendants in the MDL Litigation, to establish any of the above; or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by VALEO or any other Releasee, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims (defined below), or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

24.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 22, and in consideration of payment of the Settlement Amount, as specified in Paragraph 26, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class,

9

individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the Complaint and/or (ii) any act or omission of the Releasees (or any of them), concerning Access Mechanisms, including, but not limited to, any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaint filed in the Action ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Access Mechanisms; (2) any claims made by automotive dealerships that are indirect purchasers of Access Mechanisms; (3) any claims made by truck and equipment dealerships that are indirect purchasers of Access Mechanisms; (4) any claims made by any state, state agency, or instrumentality or political subdivision of a state as to government purchases and/or penalties; (5) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Access Mechanisms; (6) claims concerning any automotive part other than Access Mechanisms; (7) claims under laws other than those of the United States relating to purchases of Access Mechanisms made by any Releasor outside of the United States; and (8) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to

establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or is terminated.

25.     In addition to the provisions of Paragraph 24, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 22, any and all provisions, rights, and benefits, as to their claims concerning Access Mechanisms conferred by Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 24, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that VALEO and End-Payor Plaintiffs have agreed to release pursuant to Paragraph 24, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.      Settlement Amount.

26.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, VALEO shall pay or cause to be paid the Settlement Amount of US $760,000.00 ("Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Section E

11

("Escrow Account") within thirty (30) days following the entry of an order preliminarily approving this Agreement by the Court.

E.      Escrow Account.

27.      The Escrow Account will be established at Wells Fargo Bank with such bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement Class Counsel and VALEO, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

28.      The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market fund rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. Releasees shall bear no risk related to the management and investment of the Settlement Fund.

29.      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

30.      End-Payor Plaintiffs and VALEO agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulations Section 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the relation-back election (as defined in

Treasury Regulations Section 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Amount being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.

31.      For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Fund shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulations Section 1.468B-2(k)(1)). Such returns (as well as the election described in Paragraph 30) shall be consistent with Paragraph 30 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 32 hereof.

32.      All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon VALEO or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 27 through 31 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and

13

distribution costs and expenses relating to filing the returns described in Paragraph 31 ("Tax Expenses")), shall be paid out of the Settlement Fund.

33.     Neither VALEO nor any other Releasee nor their respective counsel, shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulations Section 1.468B-2(1)(2)). Releasees shall not be responsible or have any liability therefor. End-Payor Plaintiffs and VALEO agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 27 through 31.

34.     If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 14, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by VALEO into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 32 and 37), shall be returned to VALEO from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days of the Court's final determination denying final approval of the Agreement and/or Settlement Class.

F.     Injunctive Relief.

14

35.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided here, VALEO agrees that it is enjoined for a period of 24 months from the date of the entry of final judgment from engaging in conduct that constitutes a per se violation of Section 1 of the Sherman Act (whether characterized as price-fixing, market allocation, bid-rigging, or otherwise) with respect to the sale of any Access Mechanisms.

G.     Exclusions.

36.     Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline, which shall be the date set by the Court by which any class member must request exclusion from the Settlement Class. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to this settlement. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by this Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days of the Opt-Out Deadline, provide VALEO with a list and copies of all opt-out requests it receives in the Action and shall file with the Court a list of all Settlement Class Members who timely and validly opted out of the settlement.

(a)     Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. VALEO reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Access Mechanisms and/or has standing to bring any claim.

15

(b)     Subject to Court Approval, in the written request for exclusion, the member of the Settlement Class must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the settlement class. Any member of the Settlement Class that submits a written request for exclusion may also identify the number of Vehicles purchased from January 1, 2002 through the Execution Date of this Agreement as requested in the notice to the Settlement Class as provided in Paragraph 20.

(c)     VALEO or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

H.     <u>Payment of Expenses.</u>

37.     VALEO agrees to permit use of US $50,000 of the Settlement Fund towards notice to the Settlement Class and the costs of administration of the Settlement Fund. The notice and administration expenses (up to the maximum of US $50,000) are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs. Any remaining expenses in excess of the maximum of US $50,000 shall be recoverable if this Agreement does not become final or is terminated. Other than as set forth in this Paragraph, VALEO shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

38.     To mitigate the costs of notice and administration, End-Payor Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

I.     The Settlement Fund.

39.     Releasors' sole recourse for settlement and satisfaction against the Releasees of all Released Claims is against the Settlement Fund, and Releasors shall have no other recovery against VALEO or any other Releasee.

40.     After this Agreement becomes final within the meaning of Paragraph 22, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 37.

41.     End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order. VALEO and the other Releasees shall not be liable for any costs, fees, or expenses of any of End-Payor Plaintiffs or the Settlement Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

J.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

42.     Settlement Class Counsel may submit an application or applications to the Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court ("Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall VALEO or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

43.     Subject to Court approval, End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 34 or Paragraph 59.

44.     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund is not part of this Agreement, and is to be

18

considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the final approval of the settlement.

45.     Neither VALEO nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or End-Payor Plaintiffs of any Fee and Expense Award in the Action.

46.     Neither VALEO nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, End-Payor Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

K.     Cooperation.

47.     In return for the release and discharge provided herein, VALEO agrees to pay the Settlement Amount and be bound by the injunctive relief described in Paragraph 35, and further agrees to use its reasonable best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Paragraphs 48-51 below. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with VALEO's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity). VALEO shall not be required to provide documents protected by the work product doctrine or attorney client privilege, or disclosure of which is prohibited by the relevant antitrust agencies and/or by the law of the relevant foreign jurisdiction, or prohibited by court order. Upon reasonable request, for all Documents withheld from production, VALEO shall provide a privilege log describing such Documents in sufficient detail as to explain the nature of the privilege asserted or

19

the basis of any other law or rule protecting such Documents. All Cooperation shall be coordinated so as to avoid all unnecessary duplication and expense, shall otherwise be reasonable, and shall not impose undue burden and expense on VALEO to the extent practicable.

48. **Identity of Individuals.** Within five (5) business days of Settlement Class Counsel's request, counsel for VALEO will provide Settlement Class Counsel with the identity of all current and former employees, directors and officers of VALEO who: (1) were interviewed and/or prosecuted by any Government Entity in connection with the alleged price-fixing, bid rigging and market allocation of Access Mechanisms; or (2) appeared before the grand jury in the DOJ investigation into alleged antitrust violations with respect to Access Mechanisms; and/or (3) were disclosed to the DOJ as having knowledge or information relating to the DOJ's investigation into alleged antitrust violations with respect to Access Mechanisms.

49. **Documents.** Only if End-Payor Plaintiffs initiate or resume active litigation against a Defendant in the Action for any reason, unless End-Payor Plaintiffs initiate or resume active litigation against VALEO with respect to the Action, VALEO, upon the request of Settlement Class Counsel and subject to the parties' meeting and conferring regarding any extensions concerning the timing of the completion of production, will use its reasonable best efforts to substantially complete the production of the following Documents, including English translations, to the extent they exist, no later than forty-five (45) days of Settlement Class Counsel's request: (1) Documents provided to or seized by Government Entities relating to their investigation into alleged competition violations with respect to Access Mechanisms; (2) non-privileged Documents collected and reviewed by VALEO (but that were not provided to or seized by Government Entities) that are relevant to the allegations in the Complaint; (3) Documents, if any, concerning its determination of prices for Access Mechanisms; (4) documents relating to issued RFQs, bids

submitted in response to RFQs, RFQ award notifications, and post-award price adjustments in the United States and/or for Access Mechanisms for use in Vehicles to be sold in the United States. All currently pending discovery requests will be withdrawn, and no further discovery will be sought from any VALEO entity other than as provided for in this Agreement.

50. <u>Transactional Data.</u> Subject to meet and confer with End-Payor Plaintiffs as to any reasonable limitations on this obligation, VALEO will produce pre-existing transactional data related to Access Mechanisms in the format maintained in the ordinary course of business and to the extent it exists in VALEO's currently maintained electronic databases within sixty (60) days of Settlement Class Counsel's request. The time period for this production will be from January 1, 2000 to a date no later than two years after the execution date of this Agreement. The precise end-date for this production obligation will be agreed upon by the parties in subsequent meet and confer discussions, taking into account VALEO's burden of producing the transactional data and the End-Payor Plaintiffs' need for that data.

51. <u>Attorney Proffers and Witness Interviews.</u> Additionally, VALEO shall use its reasonable best efforts to cooperate with Settlement Class Counsel as set forth in Paragraph 57 below.

(a) VALEO's counsel will make themselves available at a mutually agreed location in the United States for up to two meetings of one business day each to provide an attorney's proffer of facts known to them. VALEO further agrees to use reasonable best efforts to make five (5) persons, whose identities will be subject to a meet-and-confer by VALEO and the End-Payor Plaintiffs, available for interviews and depositions, provide five (5) declarations or affidavits from the same persons, and make those persons available to testify at trial. The interviews and depositions shall be conducted at a mutually agreed-upon location in the United

States, and each deposition shall be conducted at a mutually agreed-upon location, and shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case each deposition shall be limited to a total of thirteen (13) hours over two (2) days. Any attorney proffers, witness interviews, or depositions provided pursuant to the below obligations shall be coordinated with, and occur at the same time as, the attorney proffers, witness interviews, and depositions to be provided in contemporaneous settlements of indirect purchaser claims entered into by VALEO in the MDL Litigation and any related obligations that may arise from any other settlement to the extent practicable.

(b)      In addition to its Cooperation obligations set forth herein, at the request of End-Payor Plaintiffs and subject to agreement with VALEO, VALEO agrees to use reasonable efforts to provide affidavit(s) or written declarations and/or at trial representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by VALEO pursuant to Federal Rules of Evidence 902(11) and (12). Settlement Class Counsel agree to use reasonable efforts to minimize the burden on VALEO of any such authentication testimony. In the event that such declarations are not sufficient to secure the admission of the Documents, VALEO agrees to produce at trial and/or deposition, to the extent reasonably necessary, one or more representatives of their choice qualified to testify as to the facts related to authentication of any of VALEO's Documents produced. Settlement Class Counsel agree to use their reasonable best efforts to obtain stipulations that would avoid the need to call VALEO witnesses at trial for the purpose of obtaining such evidentiary foundations.

(c)     In addition, after conducting a reasonable search, VALEO shall, to the best of its knowledge, identify those Vehicles sold in the United States from January 1, 2002 through the Execution Date of this Agreement that contain Access Mechanisms sold by VALEO.

52.     Notwithstanding any other provision in this Settlement Agreement, VALEO may assert where applicable the work product doctrine and the attorney client privilege, the joint defense privilege, and the common interest privilege with respect to any Cooperation Materials requested under this Settlement Agreement. If any Documents protected by the attorney client privilege, the work product doctrine, the joint defense privilege, and/or the common interest privilege are accidentally or inadvertently produced, these Documents shall be promptly returned to VALEO's Counsel, and their production shall in no way be construed to have waived in any manner any privilege or protection attached to such Documents. No Document shall be withheld under claim of privilege or work product if produced to or made available to the U.S. Department of Justice, other than privileged Documents inadvertently produced thereto.

53.     End-Payor Plaintiffs and Settlement Class Counsel agree they will not use the information provided by VALEO or the other Releasees or their representatives under this Agreement for any purpose other than the prosecution of their claims in the MDL, and will use it in the Action consistent with the Protective Order entered in the MDL Litigation (case number 12-md-02311, ECF No. 200) (the "Protective Order"), and will not use it beyond what is reasonably necessary for the prosecution of their Access Mechanisms claims in the Action or as otherwise required by law. All Documents and other Cooperation Materials provided pursuant to this Agreement will be deemed "Highly Confidential", as said designation is described in the Protective

Order, subject to the Protective Order as if they had been produced in response to discovery requests and so designated.

54.     VALEO's obligations to provide Cooperation shall not be affected by the release set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, VALEO's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in the Action against all Defendants. If this Agreement is rescinded, disapproved, otherwise fails to take effect, or if final judgment has been entered by the United States District Court for the Eastern District of Michigan in all cases in the MDL against all Defendants (collectively, "District Court Termination"), unless otherwise agreed by VALEO, within sixty (60) days after District Court Termination, End-Payor Plaintiffs must return or destroy all Cooperation Materials received from the Releasees to the extent required by the Protective Orders, and must comply with all other terms of the Protective Orders governing such return or destruction.

55.     In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 14, or in the event that it is terminated by either party under any provision herein, the parties agree that neither End-Payor Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against VALEO or the other Releasees, at any hearing or trial, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any testimony, documents or Cooperation Materials provided by VALEO and/or the other Releasees, their counsel, or any individual made available by VALEO and/or the other Releasees pursuant to Cooperation (as opposed to from any other source or pursuant to a court order). End-Payor Plaintiffs further agree that, within sixty (60)

days after the termination of this Agreement, or after any final order of the Court rejecting approval of the Settlement Class, End-Payor Plaintiffs must destroy all Cooperation Materials received from the Releasees. This limitation shall not apply to any discovery of VALEO which Settlement Class Counsel participate in as part of the MDL Litigation. Notwithstanding anything contained herein, End-Payor Plaintiffs and the Settlement Class are not relinquishing any rights to pursue discovery against VALEO in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 22, or in the event that it is terminated by either party under any provision herein.

56.     Releasees need not respond to formal discovery requests made pursuant to the Federal Rules of Civil Procedure from End-Payor Plaintiffs, meet and confer or otherwise negotiate with End-Payor Plaintiffs regarding discovery requests served in the Action or otherwise participate in the Action during the pendency of the Agreement with the exception of the Cooperation provisions set forth above in Section K. Other than to enforce the terms of this Agreement, neither VALEO nor End-Payor Plaintiffs shall file motions against the other, in the Action, during the pendency of the Agreement.

57.     In the event that VALEO produces Documents or provides declarations or written responses to discovery to any party or non-party in the Action in the MDL Proceeding, concerning or relating to the Action ("Relevant Production"), VALEO shall produce all such Documents, declarations or written discovery responses to End-Payor Plaintiffs within 10 days of making the Relevant Production to the extent such Documents, declarations or written discovery responses have not previously been produced by VALEO to End-Payor Plaintiffs. This Agreement does not restrict Settlement Class Counsel from attending and/or participating in any deposition in the MDL Proceeding. Settlement Class Counsel may attend and/or participate in any depositions of

25

VALEO's witnesses in addition to the depositions set forth in Paragraph 51, provided that the time for participation of Settlement Class Counsel and Settlement Class Counsel for the Automobile Dealership Plaintiffs shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a VALEO current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 51 above. End-Payor Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraph 51 above are coordinated with any other deposition noticed in the MDL Proceeding to avoid unnecessary duplication.

58.     If Settlement Class Counsel believe that VALEO or any current employee, officer or director of VALEO has refused to cooperate under the terms of this Agreement, Settlement Class Counsel shall meet and confer with VALEO. Upon reaching an impasse in any meet and confer, Settlement Class Counsel may seek an Order from the Court compelling such employee, officer, or director of VALEO to provide the discovery sought. Any court order may not infringe on a witness's applicable constitutional or legal rights against self-incrimination. Nothing in this provision shall limit in any way VALEO's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

L.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

59.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 21, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then VALEO and End-Payor Plaintiffs shall each, in their sole discretion,

have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 73. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

60.     In the event that this Agreement does not become final as set forth in Paragraph 22, or this Agreement otherwise is terminated, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to VALEO less only disbursements made in accordance with Paragraphs 32 and 37. VALEO expressly reserves all rights and defenses if this Agreement does not become final.

61.     Further, and in any event, End-Payor Plaintiffs and VALEO agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by VALEO, or the other Releasees to be used against VALEO or the Releasees, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against VALEO or the Releasees, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against VALEO or the Releasees. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using Cooperation Materials produced by VALEO against any other Defendants in any Action to establish any of the above.

62.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement as well as Cooperation by VALEO.

63.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Class.

64.     VALEO, End-Payor Plaintiffs, and Settlement Class Counsel agree not to disclose publicly or to any other person, except to the Releasees or as otherwise required by law or statute in any jurisdiction, the terms of this Agreement until this Agreement is submitted to the Court for preliminary approval.

65.     VALEO shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

66.     This Agreement does not settle or compromise any claim by End-Payor Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Releasees. All rights against such other Defendants or alleged co-conspirators are specifically reserved by End-Payor Plaintiffs and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Releasees for sales made by Releasees relating to alleged illegal conduct are specifically reserved by End-Payor Plaintiffs and Settlement Class Members. Releasees' sales to the Settlement Class and their alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against

28

other current or future Defendants in the Action or other persons or entities other than Releasees. Releasees shall not be responsible for any payment to End-Payor Plaintiffs other than the Settlement Amount specifically agreed to in Paragraph 26.

67.     The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by End-Payor Plaintiffs and VALEO, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. VALEO will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

68.     This Agreement constitutes the entire, complete and integrated agreement among End-Payor Plaintiffs and VALEO pertaining to the settlement of the Action against VALEO, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between End-Payor Plaintiffs and VALEO in connection herewith. This Agreement may not be modified or amended except in writing executed by End-Payor Plaintiffs and VALEO, and approved by the Court.

69.     Plaintiffs and VALEO acknowledge that each have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so and are not relying on any representation or warranty by the other party other than as set forth herein. Therefore, Plaintiffs and VALEO and

their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.

70.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of End-Payor Plaintiffs and VALEO. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by End-Payor Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than VALEO) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

71.     This Agreement may be executed in counterparts by End-Payor Plaintiffs and VALEO, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

72.     Neither End-Payor Plaintiffs nor VALEO shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

73.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

74.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

Date: January 8, 2018

*Elizabeth Castillo*

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham

31

74.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

Date: January __, 2018

_____

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com

_____

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com

_____

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham

31

74.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

Date: January ___, 2018

<div style="margin-left:40%;">

_____

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com


_____

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com


_____

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham

</div>

31

**SUSMAN GODFREY L.L.P.**
1000 Louisiana
Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
toxford@susmangodfrey.com
 clangham@susmangodfrey.com
*Interim Co-Lead Class Counsel for the*
*Proposed End-Payor Plaintiff Class*


Date: January _5_, 2018

Brian Byrne
Ryan M. Davis
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
*bbyrne@cgsh.com*
*rmdavis@cgsh.com*

*Counsel for Valeo S.A.*