# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | 2:12-md-02311<br>Honorable Marianne O. Battani |
| IN RE ACCESS MECHANISMS | : : : | 2:16-cv-04103-MOB-MKM |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTION | : : : : | |

## ORDER GRANTING
## END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH THE ALPHA DEFENDANTS AND <u>PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS</u>

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants ALPHA Corporation and Alpha Technology Corporation (together, "ALPHA") and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement entered into on January 11, 2018 ("Settlement Agreement").

<u>Preliminary Approval of Settlement Agreement</u>

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing.

1

4. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

## Class Certification

5. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> The "Settlement Class" is defined as:
>
> All persons and entities that, from January 1, 2002 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Access Mechanism(s) as a component part, or indirectly purchased one or more Access Mechanism(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Access Mechanisms directly or for resale.

Settlement Agreement ¶ 12.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the

Settlement Class. The Court also finds settlement of the above-captioned action ("Action") on a class basis is superior to other means of resolving the matter.

### Appointment of Settlement Class Counsel

7. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each End-Payor Plaintiff class representative named in the Complaint will serve as an End-Payor Plaintiff class representative on behalf of the Settlement Class.

### Notice to Potential Class Members

9. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims and distribution ("Notice Motion").

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

### Other Provisions

11. As more fully set forth in the Settlement Agreement, ALPHA agrees to cooperate with End-Payor Plaintiffs in connection with the continued prosecution of the Action.

12. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

and without prejudice to the status quo and rights of End-Payor Plaintiffs, ALPHA, and the members of the Settlement Class.

13. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including ALPHA, to contest certification of any other class proposed in *In re Automotive Parts Antitrust Litigation*. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this Action or in *In re Automotive Parts Antitrust Litigation,* or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

14. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against Releasees (as defined in the Settlement Agreement with ALPHA) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date: February 27, 2018    s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2018.

                                              s/ Kay Doaks
                                              Case Manager