**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: ACCESS MECHANISMS | Case No. 2:16-cv-04103-MOB-MKM |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTION | |

**FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN END-PAYOR PLAINTIFFS AND DEFENDANT VALEO AND ENTERING DISMISSAL WITH PREJUDICE AS TO DEFENDANT VALEO**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between End-Payor Plaintiffs ("Plaintiffs") and Defendant Valeo S.A. ("Valeo") set forth in the Settlement Agreement ("Agreement"), dated and effective as of January 5, 2018 relating to the above-captioned action (the "Action"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment ("Judgment") approving the Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court (Cotchett, Pitre, & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P.), are appointed as Counsel for the Settlement Class ("Settlement Class"). These firms have, and will, fairly and competently represent the interests of the Settlement Class.

3. The Court has jurisdiction over the subject matter of this litigation, over the equitable non-monetary relief contained in paragraph 4 herein, over the Action, and over the parties to the Agreement, including all members of the Settlement Class.

4. Plaintiffs, having filed a complaint in the Action alleging that Valeo conspired to rig bids, allocate markets and fix prices for Access Mechanisms, and Valeo, having denied Plaintiffs' allegations and having represented it would assert defenses thereto, have entered into the Agreement to settle the Action with respect to Access Mechanisms to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Agreement, and to put to rest with finality all claims that have been or could have been asserted against Valeo with respect to Access Mechanisms. Valeo has agreed that for a period of twenty-four (24) months from the date of entry of this Judgment not to engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price-fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Access Mechanisms as such term is defined in the Agreement. Pursuant to the Agreement, Valeo has agreed to provide specified monetary compensation to Plaintiffs (US

$760,000, plus interest thereon pursuant to the terms set forth in the Settlement Agreement), and to cooperate with Plaintiffs in connection with the continued prosecution of the Action.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Valeo, with Plaintiffs and Valeo to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Class of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of the

proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by End-Payor Plaintiffs' Counsel; (d) any application for incentive awards for the End-Payor Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Class members.

12. The persons and entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. Nothing in this Judgment shall be construed as a determination by this Court that such persons and entities are members of any of the classes or proposed classes in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.

13. A request for exclusion from the Settlement Class has been received from GEICO and its expressly identified affiliates. Valeo has raised objections to the validity and effect of this request. The Court will resolve those objections in a subsequent order in the above-captioned action pursuant to Paragraph 11 above. Accordingly, without affecting the finality of this Judgment in any way, the Court hereby retains exclusive and continuing jurisdiction to determine the validity and effect of the request for exclusion submitted by GEICO and its expressly identified affiliates notwithstanding the entry of this Judgment.

14. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

15. The Escrow Account, into which Valeo has deposited assets with a total value of US $760,000 as the Settlement Amount (as defined in paragraphs 12 and 26 of the Agreement), plus accrued interest thereon and net any expenses incurred as contemplated in paragraph 27 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

16. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Valeo, to contest certification of any other class proposed in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any class.

17. The Court hereby determines that there is no just reason for delay and hereby directs entry of this Judgment as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and directs the Clerk to enter the Judgment forthwith.

Date: November 7, 2018                                  s/Marianne O. Battani
                                                                            MARIANNE O. BATTANI
                                                                            United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 7, 2018.

                                                             s/ Kay Doaks
                                                              Case Manager

**Exhibit A**

- Terry Sershion
  9641 Kelly Drive
  Loveland, Ohio 45140